## PLUMP and KYE *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. Nos. 6 & 7, September Term, 1959 (Adv.).]

■■■■■■■■

*Decided July 6, 1959.*

■■■■■■■■■■■■

■■■■■■

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

These are applications for leave to appeal under the Post Conviction Procedure Act. The two applications may be considered together because the petitions are identical. The applicants were found to be indigent and the court appointed counsel to represent them. A hearing was held in which an Assistant State's Attorney and counsel representing the applicants were present. After that hearing Judge Reuben Oppenheimer dismissed the petitions.

The applicants, in their petitions, raised three grounds:

"1. Illegal search and seizure

2. Illegal convicted—contrary to indictment

3. Illegal sentence, i.e., sentence is cruel and inhuman, etc."

The same applicants have been before this Court on applications for leave to appeal from denials of writs of *habeas corpus* which this Court denied. They raised the grounds as to unlawful search and seizure and defective indictments in those cases and we held that these grounds could not be raised on *habeas corpus*. *Plump v. Warden,* 216 Md. 650, *Kye v. Warden,* 216 Md. 651.

As to the third ground, there is nothing which supports their contentions that the punishment is cruel and unusual. The applicants were indicted for attempted larceny which is a common-law offense and one which prescribes no limits except the constitutional prohibition against cruel and unusual punishment. The sentences of four years, therefore, do not exceed the maximum authorized by law since no maximum is prescribed. *Roberts v. Warden,* 206 Md. 246. Obviously they are neither cruel nor unusual.

The applicants also raise the question which they claim is jurisdictional, that they were not present at the hearing before Judge Oppenheimer on their petitions under the Post Conviction Procedure Act. Section 645G of Article 27 of the Annotated Code of Maryland (1958 Supp.) provides that the petitions shall be heard in the court in which the conviction took place and that the court may receive proof by affidavit, oral testimony or other evidence and *may* order the petitioner before it for the hearing. This section clearly implies that the court may hear the case without having the applicant before it, such as was done in this case.

In general, due process of law does not require the presence of the accused during proceedings subsequent to his trial that determined his guilt, unless a new trial is granted. 23 C.J.S. *Criminal Law* Section 974 b. By the weight of authority his presence is not required at the argument of a motion in arrest of judgment. Orfield, *Criminal Procedure from Arrest to Appeal,* p. 518. 23 C.J.S. *Criminal Law,* Section 1551. Cf. 5 Wharton, *Criminal Law and Procedure,* (Anderson's Ed.) Section 2009. Neither the Institute Code nor the Federal Rules of Criminal Procedure require his presence at a motion for a new trial, Orfield, *op. cit.,* p. 505; and C.J.S., *op. cit.,* Section 1504, states that the weight of authority does not require his presence at the hearing of such motions. And, under Rule 43 of the Federal Rules of Criminal Procedure, the defendant need not be present at the time of a reduction in his sentence.

In *Schwab v. Berggren,* 143 U. S. 442, 450, the Supreme Court in holding that the defendant had no right to be present at the hearing of his case on appeal, quoted with approval the Supreme Court of North Carolina, as follows:

> "The constitution provides that a defendant in a criminal action shall be informed of the accusation against him, and shall have the right to confront the accusers and witnesses with other testimony, and shall not be convicted except by the unanimous verdict of a jury of good and lawful men in open court as heretofore used. *That* is his *trial.* This of course

implies that he shall have a right to be present. If he complains of any error in his trial, the record of the trial is transmitted to this court. Here, are no 'accusers,' no 'witnesses,' and no 'jury'; but upon inspection of the record this court decides whether there was error in the trial, and without rendering any judgment, orders its decision to be certified to the court below. It has never been understood, nor has it been the practice that the defendant shall be present in *this* court; nor is he ever 'convicted' here."

This Court pointed out in *Duffy v. State,* 151 Md. 456, and in other cases that had preceded it that Article 5 of the Declaration of Rights, which declares that the people of this state are "entitled to the common law of England, and the trial by jury, according to the course of that law" applies to criminal prosecutions for treason, felonies and some misdemeanors and there can be no valid trial or judgment in such cases unless the accused be present at every material stage in his *trial.* While consistently recognizing this rule as applicable to every material stage in the trial of a criminal prosecution the Court held in *Olewiler v. Brady,* 185 Md. 341, 349, that an applicant for a writ of *habeas corpus* [not a criminal proceeding] had no right personally to argue his case upon appeal and restated the rule that the right of an accused to be present in a criminal prosecution throughout his trial had no application to proceedings in an appellate court.

From what has been said above, we reach the conclusion that the Legislature did not intend to require [but the court can order] that a petitioner under the Uniform Post Conviction Procedure Act be present at the hearing of his petition, and that, in so doing, no constitutional rights of the petitioner were infringed.

*Applications denied.*